**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4423**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JIMMY DAVIS,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00740-RBH-1)

———————————

Submitted:  January 16, 2014     Decided:  February 19, 2014

———————————

Before AGEE, WYNN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William T. Clarke, SARRAT & CLARKE, Greenville, South Carolina,
for Appellant.  Arthur Bradley Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Davis pled guilty to one count of simple assault of a Federal Correctional Officer, in violation of 18 U.S.C. § 111(a) (2012). Davis was sentenced to the maximum statutory sentence of one year imprisonment and one year supervised released and ordered to pay $1747.56 in restitution under 18 U.S.C. § 3663A(a)(1) (2012). The district court affirmed the magistrate judge's judgment of conviction. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious arguments for appeal. Davis was notified of the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief. We affirm.

Our review of the transcript shows that the magistrate judge complied with Rule 11 of the Federal Rules of Criminal Procedure and that Davis' guilty plea was knowing and voluntary. Accordingly, we affirm the conviction.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant

procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We conclude that there was no procedural error at sentencing and that the one year sentence was substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' conviction and sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED